2001 OK CIV APP 101

**Joseph WEEKS, Plaintiff/Appellant,**

v.

**Robert E. MANCHESTER,
Defendant/Appellee.**

No. 95,040.

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 11, 2001.

Certiorari Denied July 3, 2001.

Catherine Napier, Oklahoma City, OK, for Appellant.

Larry D. Ottaway, Michael T. Maloan, Oklahoma City, OK, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶1 Appellant, Weeks, appeals an order dismissing his claim against Appellee, Manchester. Weeks alleged that Manchester, a shareholder in Manchester & Pignato, P.C., was vicariously liable for the tortious conduct of Pignato in filing a wrongful garnishment against Weeks. In reviewing a trial court's disposition by dismissal, this Court examines the issues de novo. *Miller v. Miller,* 1998 OK 24, 956 P.2d 887.

¶2 In an earlier action, Nathaniel Dodoo obtained an judgment against Weeks in the amount of $10,000.00. Weeks was an attorney who had previously represented Dodoo and who had improperly and unethically taken a contingency fee *and* a statutory attorney fee. $10,000.00 represented the amount of money Weeks improperly obtained. The day after the $10,000.00 judgment was entered against Weeks, he obtained a Stay of Enforcement Order. Several days later and unaware of the Stay Order, Dodoo's attorney, Mr. Pignato, filed a garnishment summons and served it upon Weeks' employer. When Mr. Pignato found out about the Stay of Enforcement Order, he wrote OCU, Weeks' employer, to tell them to disregard the garnishment summons. OCU, however, garnished Weeks' January, 1999 wages. When Mr. Pignato received the garnishment funds, he dismissed the garnishment summons. Weeks then filed this action asserting claims of malicious prosecution, abuse of process and intentional infliction of emotional distress. The defendants were Pignato, Dodoo, Manchester and Manchester & Pignato, P.C.

As noted above, Manchester prevailed on a 12 O.S.1991 § 2012(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Subsequently, the remaining defendants filed a Joint Offer to Confess Judgment in the amount of $12,500.00 pursuant to 12 O.S.1991 § 1101. That offer was accepted and judgment was accordingly entered. The only issue appealed is that order sustaining the motion to dismiss of Manchester.

¶3 Appellant, Weeks, raises one issue on appeal-that, contrary to the decision of the trial court, Manchester, individually, can be vicariously liable for the torts of another shareholder in their law firm which was organized as a professional corporation.

¶4 Manchester and Pignato, P.C., is a professional corporation as allowed by the Professional Entity Act, 18 O.S.1991 § 801 et seq. The Act's purpose is to make available to professional persons the benefits of the corporate form of doing business. 18 O.S. 1991 § 802. This Act takes precedence in the event any part of it conflicts with any other act or laws applicable to the professional entity. 18 O.S. Supp.1995 § 805. This Act, however, does not alter any law applicable to the attorney/client relationship. 18 O.S.1991 § 812.

¶5 The Professional Entity Act does not specifically speak to the question of a shareholder's vicarious liability for the tortious acts of another shareholder. The General Corporation Act, 18 O.S.1991 § 1001 et seq. is instructive. Section 1124(B) provides:

"No suit shall be brought against any officer, director or shareholder for any debt of a corporation of which he is an officer, director or shareholder, until judgment is obtained therefore against the corporation and execution thereon returned unsatisfied."

The General Corporation Act is clear and unambiguous that a shareholder may only be liable for the acts of the corporation if a judgment against the corporation is unsatisfied by the corporation. In the instant case, judgment was taken against the professional corporation for $12,500.00. The record contains a release and satisfaction of that judg-

ment executed and filed by Weeks' attorney. That judgment was satisfied. Weeks, however, sought a *new* judgment against Manchester based on his vicarious liability. This is not permitted.

¶ 6 Manchester and Pignato took advantage of the opportunity provided by state law to organize as a professional corporation. As shareholders or officers they enjoyed the limited liability described above. The trial court was correct in sustaining Manchester's Motion to Dismiss. That order of the trial court is accordingly affirmed.

¶ 7 Appellee, Manchester, also filed a motion to dismiss the appeal, the consideration of which was deferred to the decisional stage. That motion is denied.

¶ 8 AFFIRMED.

¶ 9 ADAMS, P.J. and JOPLIN, J., concur.